[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Plaintiff-Appellant Arthur Neuman appeals from the judgment of the Hamilton County Court of Common Pleas granting the motions of the defendant-appellees Marvin Belkin and Mamar to stay proceedings and compel arbitration.
 {¶ 3} Neuman and Belkin are the sole shareholders and directors of Mamar Inc., an Ohio for-profit corporation that specializes in home repair and maintenance. On April 16, 2001, Neuman notified Mamar that he intended to resign. Neuman tendered his share to the corporation.[1]
Neuman's tender triggered specific provisions of a Shareholders' Agreement that had been executed by Neuman, Belkin, and a third shareholder, Matthew O. Chimskey, on February 1, 1993.[2] Section 3 of the Shareholders' Agreement provided in pertinent part, "In the event a Shareholder resigns or retires from the company, he shall tender his shares for sale first to the Corporation and then, if the Corporation elects not to purchase said shares within thirty days from the date of tender, to the remaining Shareholders. In the event the Corporation elects not to purchase said shares, the remaining Shareholders shall have the option of purchasing said shares. The price and terms shall be the amount set forth in Section 4 herein. In the event the Corporation elects not to purchase said shares and the remaining Shareholders refuse for any reason to purchase said shares, then the Corporation shall be forthwith liquidated and dissolved and the parties shall take all necessary steps to liquidate and dissolve the Corporation within the thirty days following the final refusal of the remaining Shareholders to purchase the stock of the retiring Shareholders."
 {¶ 4} Section 11 of the Shareholders' Agreement contained an integration clause. Section 12 of the Shareholders' Agreement provided that the agreement was to "be governed by the laws of the state of Ohio."
 {¶ 5} On June 6, 2001, a special meeting of Mamar's Board of Directors was convened for the purpose of determining whether the corporation would accept Neuman's tendered share. Neuman and Belkin attended the meeting. Belkin moved that Mamar purchase Neuman's share and voted in favor of the tender. Neuman, however, voted against the motion.
 {¶ 6} A dispute then arose among Neuman, Belkin, and Mamar as to the legal consequences of the tie vote taken at the meeting. Neuman contended that neither Mamar nor Belkin had accepted his tendered share for purchase and that the corporation had to be dissolved. Mamar and Belkin contended, however, that the election had in fact been made and commenced payments to Neuman as required under the Shareholders' Agreement.
 {¶ 7} Neuman subsequently filed suit in the trial court to enforce the terms of the Shareholders' Agreement. He asserted four claims for relief. In his first claim, Neuman alleged that Mamar and Belkin had breached the Shareholders' Agreement because they had failed to follow the procedure for purchasing his share, and because they had not adequately compensated him for his share. In his second claim, Neuman asked the trial court to declare that Mamar and Belkin had not fulfilled various contractual duties under the Shareholders' Agreement. In his third claim, Neuman alleged that because Mamar and Belkin had not elected to purchase his tendered share and because they had refused to voluntarily dissolve the corporation, Mamar had to be judicially dissolved. In his fourth claim, Neuman alleged that Belkin had breached his fiduciary duty as a director of the company by failing to act in accordance with the terms of the Shareholders' Agreement, Mamar's Code of Regulations, and the Ohio Revised Code.
 {¶ 8} Mamar and Belkin subsequently filed an answer and counterclaim, along with a motion to stay Neuman's action and to compel mediation and arbitration. In their motions, they contended that because Neuman's claims were based entirely upon the tie vote taken at the board of directors' meeting and the legal consequences of that vote when considered in light of the parties' rights under the Shareholders' Agreement and because Neuman, as a shareholder and director of Mamar, was bound by two mediation and arbitration provisions in Mamar's Code of Regulations, Neuman's claims must be submitted first to mediation, and then if mediation was unsuccessful, to binding arbitration.[3] The trial court agreed. In a memorandum of decision dated June 14, 2002, the trial court stated that because "Neuman and Belkin were the sole shareholders and directors of Mamar, Inc., when the dispute that led to this action arose," and because the "code of regulations to Mamar, Inc. requires that all disagreements between shareholders and all disagreements between directors [are] to be settled through mediation and arbitration," the parties' dispute had to be resolved through mediation and arbitration. In an entry dated June 28, 2002, the trial court granted Mamar's and Belkin's motions for a stay and ordered the parties to resolve their dispute by mediation, and if not then resolved, by arbitration.
 {¶ 9} In a sole assignment of error, Neuman argues the trial court erred in granting the motions to stay trial pending mediation and arbitration.
 {¶ 10} R.C. 2711.02 provides that a court may stay trial of an action "on application of one of the parties" if the action is brought upon any issue referable to arbitration under a written agreement for arbitration, and the court is satisfied the issue is referable to arbitration under a written agreement. An order that grants a stay of any action pending arbitration is a final appealable order.[4]
 {¶ 11} Neuman first argues that because the parties' dispute arose out of the Shareholders' Agreement, which did not contain any provision mandating mediation or arbitration, and because the Shareholders' Agreement was executed outside the corporate structure, the mediation and arbitration provisions in the Code of Regulations did not apply. We disagree.
 {¶ 12} The record reveals that Neuman and Belkin and a third shareholder executed the Code of Regulations and the Shareholders' Agreement on the same day. The Shareholders' Agreement was executed on behalf of Mamar, by Belkin, as its President. Thus, we fail to see how the Shareholders' Agreement was executed outside the corporate structure. Furthermore, while the Shareholders' Agreement provided a procedure for the corporation to purchase a retiring shareholder's share, the Agreement was silent as to the effect, if any, of a deadlock between its directors. It was also silent as to a conflict between its provisions and those of the corporation's regulations. Because the Code of Regulations governed the corporation and the management of its property[5] and the Corporation could only act through its directors,[6] and because Neuman's claims stemmed directly from the deadlocked vote of the Mamar directors, the trial court correctly determined that Article IV of Mamar's Code of Regulations required mediation and arbitration. Similarly, Neuman's claims that Belkin breached the Shareholders' Agreement implicated Article 1.6 of the Code of Regulations, which related to disputes among shareholders.
 {¶ 13} Neuman next argues that his claim for judicial dissolution was outside the scope of authority of a mediator or an arbitrator. We disagree. Should an arbitrator ultimately determine that judicial dissolution is appropriate, Neuman may apply to the common pleas court for an entry confirming the arbitrator's decision and enforcing the dissolution.[7] We need not address Neuman's third argument, in which he alleges that the trial court erred by failing to limit the scope of the mediation and arbitration, because Neuman did not raise this issue before the trial court.[8] As a result, we overrule the sole assignment of error and affirm the judgment of the trial court.
 {¶ 14} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan and Winkler, JJ.
[1] The parties dispute when Neuman actually tendered his share. Neuman contends that he tendered his share when he resigned on April 16, 2001, while Mamar and Belkin contend that Neuman did not tender his share until May 7, 2001.
[2] Chimskey resigned in August 1996 and tendered his share to Mamar. Mamar accepted the tender, thus leaving Neuman and Belkin as the sole shareholders and directors of Mamar.
[3] Article IV provides, in relevant part, "All action of the Directors, including decisions to award franchises, shall require their unanimous approval. In the event of disagreement, the matter first shall be referred to mediation, and if not then resolved, shall be referred to the American Arbitration Association to be decided by a single arbitrator in Cincinnati, Ohio. The decision of the arbitrator shall be binding on all the parties * * *." Article I, Section 1.6, states, "All action of the Shareholders shall require their unanimous approval. In the event of disagreement, the matter first shall be referred to mediation and arbitration and, if not then resolved, shall be referred to the American Arbitration Association to be decided by a single arbitrator in Cincinnati, Ohio. The decision of the Arbitrator shall be binding on the parties* * * *."
[4] See R.C. 2711.02(C).
[5] See R.C. 1701.11(A)(1).
[6] See R.C. 1701.59(A).
[7] See R.C. 2711.09.
[8] Shover v. Cordis Corp. (1991), 61 Ohio St.3d 213,574 N.E.2d 457.